OPINION
{¶ 1} This is an appeal taken from a judgment rendered by the Lake County Court of Common Pleas. Appellant, Joseph A. Phillipp, challenges the trial court's imposition of the maximum term of imprisonment for the second degree felony to which he pleaded.
{¶ 2} This case arose from a violent encounter between appellant and the victim, Michael Medves. On April 27, 2001, appellant spent the balance of his day carousing at the residence of his cousin. Appellant's cousin resided in a trailer park located near a wooded area. Also near the trailer park, in front of the same woods, was an adult bookstore. According to appellant, patrons of the bookstore would buy pornographic magazines and peruse their purchases under the cover of the woods. Appellant, as well as other local residents assigned a pejorative nickname to such individuals, viz. the "pervert in the woods." Apparently the "pervert in the woods" referred to anyone who read pornography in the woods, but referred to no one in particular.
{¶ 3} On the evening of April 27, 2001, appellant observed some children playing in the woods near a campfire and subsequently noticed Mr. Medves in the woods as well. According to his statement, appellant observed Mr. Medves crouch to his hands and knees and sidle toward the campfire. Thoroughly inebriated, appellant claimed he thought Mr. Medves was the "pervert in the woods." With this in mind, appellant charged and severely beat Mr. Medves via repeated kicks to the head, face, back, and stomach. Appellant stated his motivation for the assault was his belief that Mr. Medves intended to attack the children. Appellant ultimately admitted that he had no legitimate basis for concluding that Mr. Medves was a "pervert" and blamed his behavior on his heightened state of intoxication.
{¶ 4} As a result of the attack, the victim was life-flighted to MetroHealth Medical Center, where he underwent brain surgery. After the surgery, the victim was placed on a ventilator. While the victim did survive, the record indicates that he suffered various unspecified life altering injuries as a result of the attack.
{¶ 5} On July 11, 2001, appellant was indicted on one count of felonious assault, a felony of the second degree. Appellant waived his right to be present at his arraignment, and the trial court entered a plea of not guilty to the charge on appellant's behalf. On October 11, 2001, appellant withdrew his not guilty plea and pleaded guilty to one count of felonious assault. Appellant was subsequently sentenced to the maximum prison term of eight years.
{¶ 6} From this sentence, appellant filed a timely notice of appeal with this court. He now submits the following assignment of error for our review:
{¶ 7} "The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment for a felony of the second degree."
{¶ 8} The maximum possible sentence for felonious assault, a felony of the second degree, is eight years. As his sole assignment of error reflects, appellant was sentenced to the maximum term. Pursuant to R.C.2953.08, our review of a felony sentence is de novo. State v. Sims (Jan. 17, 2003), 11th Dist. No. 2001-L-081, 2003 Ohio App. LEXIS 347. As such, we will not disturb a sentence unless we find, by clear and convincing evidence, that the record does not support the sentence. State v. Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, at 1. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.
{¶ 9} Before we assess the merits of appellant's assignment, it is necessary to clarify the relevant features of Ohio's sentencing guidelines. In State v. Edmonson (1999), 86 Ohio St.3d 324, the Supreme Court of Ohio addressed the statutory requirements for imposing a maximum sentence and determined that, "[i]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C). Id. at 329. Further, we have previously held that the findings mandated by R.C. 2929.12 and R.C. 2929.14
must appear in the judgment, the transcript of the sentencing hearing, or somewhere on the record in the sentencing exercise. State v. Starkweather (Mar. 29, 2002), 11th Dist. No. 2001-A-0006, 2002 WL 479883, at 3; State v. Wilson (June 23, 2000), 11th Dist. No. 99-L-026, 2000 WL 816641, at 2; State v. Boles (June 25, 1999), 11th Dist. No. 98-A-0061, 1999 WL 454562, at 4.
{¶ 10} Once a trial court determines that it must impose a prison sentence as opposed to community control sanctions and the offender has not previously served a prison term, it must impose the shortest authorized prison sentence unless the trial court finds, on the record, that the shortest prison term will either (1) demean the seriousness of the offender's conduct or (2) will not adequately protect the public from future crime by this defendant or other persons. See R.C. 2929.14(B); Edmonson, supra, 86 Ohio St.3d at 325.
{¶ 11} R.C. 2929.14(C) narrows the trial court's discretion by setting forth the specific circumstances in which it may impose the maximum prison term on the defendant. For instance, R.C. 2929.14(C) states, in relevant part:
{¶ 12} "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
{¶ 13} Insofar as appellant was neither a major drug offender nor a repeat violent offender, the first two scenarios stipulated under R.C.2929.14(C) are relevant to the current case.
{¶ 14} In determining whether R.C. 2929.14(C) is applicable, a trial court should look at the factors outlined in R.C. 2929.12(B) and (C), which are designed to assess the seriousness of the offense and the factors outlined in R.C. 2929.12(D) and (E), which are designed to assess the likelihood of recidivism. State v. Grissom (Sept. 27, 2002), 11th Dist. No. 2001-L-107, 2002 WL 31160086, at 2; State v. Dunwoody (Aug. 5, 1998), 4th Dist. No. 97CA11, 1998 WL 513606, at 2.
{¶ 15} Although a trial court is not required to state its reasons for making findings that justify more than the minimum sentence, R.C.2929.19(B)(2)(d) requires the trial court to state its reasons for imposing the maximum prison term. State v. Sim (Nov. 1, 2002), 11th Dist. No. 2001-L-134, 2002 WL 31444462, at 21, citing Edmonson supra, 86 Ohio St.3d at syllabus. A sentence which merely recapitulates the language of R.C. 2929.14(C) without any consideration of the statutorily relevant factors is insufficient. State v. Kase (Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 WL 682392, at 2. Thus, "[f]or a meaningful review, the record must contain some indication, by use of specific operative facts, that the sentencing court considered the statutory factors in reaching its determination. Id.
{¶ 16} Appellant submits several arguments to buttress his sole assignment of error. Initially, appellant claims that the trial court failed to sufficiently explain its reasons for imposing the maximum sentence. That is, when the trial court determined that appellant committed the worst form of the offense of felonious assault, it failed to support its conclusion by "specific and sufficient operative facts." We disagree.
{¶ 17} In its judgment entry, the lower court concluded "that the shortest prison term will demean the seriousness of the Defendant's conduct," pursuant to R.C. 2929.14(B). It further declared: "for the reasons stated on the record pursuant to R.C. 2929.14(C) *** the Defendant has committed the worst form of the offense." To determine whether an offender committed the worst form of an offense, the trial court should consider the totality of the circumstances. State v. Garrard (1997), 124 Ohio App.3d 718. The non-exhaustive list of statutory factors set forth in R.C. 2929.12(B) help guide this analysis. State v. Edmonson (Sept. 25, 1998), 11th Dist. No. 97-P-0067, 1998 WL 684180, at 8.
{¶ 18} During the sentencing proceedings the court made explicit findings pursuant to R.C. 2929.12(B) and (C). In particular, the court noted that the injury in this case was exacerbated by the physical condition of the victim in that he had a prior brain aneurysm, R.C. 2929.12(B)(1)); The court further noted that appellant's actions effected severe physical, psychological, and economic damage on the victim, R.C. 2929.12(B)(2)). Such damage is patent from the fact that the victim was committed to a hospital and placed on a ventilator for several days subsequent to the beating. Moreover, in accord with R.C. 2929.12(C) the court considered whether appellant's conduct was less serious than conduct normally constituting the offense. However, the court concluded that none of the listed factors nor any other mitigating circumstances were present.
{¶ 19} Furthermore, the court made findings pursuant to R.C. 2929.12(D) and (E). However, it bears noting that the court did not conclude appellant posed the greatest likelihood of committing future crime. Hence, the court's discussion of the recidivism factors found in R.C.2929.12(D) and (E) was formally unnecessary. Edmonson, supra, at 329 (a court is obligated to satisfy only one of the listed criteria in R.C.2929.14(C)).
{¶ 20} That said, the court's discussion of these factors is still relevant to its imposition of the maximum sentence insofar as it demonstrates an allegiance to the overriding purposes behind Ohio's sentencing guidelines; namely, protecting the public from future crime and punishing the offender. See R.C. 2929.11(A). To this end, the court noted that appellant was under community control sanctions when he committed the offense and there was an extant warrant for appellant's arrest due to a probation violation. The court further identified appellant's history of criminal convictions and unfavorable response to previously imposed sanctions. Consequently, under the totality of the circumstances, the trial court's imposition of the maximum sentence was guided by the appropriate statutory considerations and tempered by the policies animating the statutory scheme in general.
{¶ 21} This analysis is further germane to appellant's argument as he claims the sentencing judge erred when he found that appellant had a history of delinquency adjudications. Although the sentencing judge was in error when he made this finding appellant suffered no harm. That is, R.C. 2929.13(D)(2) states: "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes: *** (2) The offender previously was adjudicated a delinquent child ***, or the offender has a history of criminal convictions." R.C. 2929.13(D)(2) provides two disjunctive factors to aid a court in its determination that an offender may be a likely recidivist. The sentencing court in the case sub judice made reference to both factors. Because these factors may be utilized in the alternative to guide a judge's decision, a judge need not find both factors. In the current matter, appellant did, in fact, have a history of criminal convictions and hence, this finding was appropriate. Thus, although the court erroneously determined that appellant had a history of delinquency adjudications, this determination had no material bearing on his sentence.
{¶ 22} Similarly, appellant claims the trial court erred when it relied on the prosecutor's unfounded remark that he assaulted the victim because he believed he was homosexual. It is unclear from the record how the prosecutor arrived at her conclusion. In fact, absent the prosecutor's personal assertion, no credible evidence was put forth to support this accusation. Insofar as this is the case, the court erred in considering this fact. However, there is no evidence to suggest that the court relied upon this claim when making its determination as to the seriousness of the crime. Therefore, any error resulting from the prosecutor's misplaced allegation was harmless.
{¶ 23} Next, Appellant argues that the court erred in considering the victim's serious physical harm to elevate the offense to one of its "worst forms" because it is an element of the offense at its most basic level. Although this argument appears logical, its invalidity is patent upon closer inspection. Specifically, when appellant knowingly caused serious physical harm to the victim, his actions were sufficient for a conviction of felonious assault. In general, there are innumerable "forms" of serious physical harm that could act as a predicate for proof of felonious assault. Of course, some of these forms of assault will invariably be worse than others. As such, in order to actually determine whether the current felonious assault (which necessarily required proof of serious physical harm) was one of the "worst" forms of the charge, the court was required to engage in an analysis of appellant's actions as well as the injuries sustained by the victim.
{¶ 24} The record indicates that appellant executed an unprovoked attack which rendered the victim semi-conscious and in need of emergency brain surgery. In short, it was necessary for the lower court to analyze the particularities of the felonious assault in question in order to determine whether it was specifically worse than an ordinary form of the crime. Therefore, the court's consideration of the specific nature of appellant's act and the serious physical harm sustained by the victim was both necessary and proper.
{¶ 25} In sum, the record demonstrates that the lower court followed the relevant statutory guidelines for sentencing appellant to the maximum term of imprisonment: The court indicated that the shortest sentence would demean the seriousness of appellant's conduct. Furthermore, the trial court explicitly pointed to the R.C. 2929.12 (B) and (C) factors which structured its conclusion that appellant committed the worst form of the offense. The record reflects that the victim was attacked without provocation, beaten until he was barely conscious, and suffered a severe brain injury requiring emergency surgery. Moreover, the foregoing analysis of the trial court's findings and underlying reasons manifest that it also complied with the requirements of R.C. 2929.19(B)(2)(d). As such, we cannot find, by clear and convincing evidence, that the sentence of the Geauga County Court of Common Pleas was erroneous. Therefore, the totality of the circumstances support the court's determination that the felonious assault in the current case was one of the worst forms of the offense.
{¶ 26} Thus, for the aforementioned reasons, the sentence of the Lake County Court of Common Pleas is accordingly affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.